FILED
SUPERIOR COURT
OF GUAM

2022 APR -7 AM 11: 41

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0675-19** |
| | GPD Report No. 19-35913 |
| v. | |
| **SHAWN RAY LUJAN,** | **DECISION AND ORDER** |
| DOB: 12/22/1988 | **DENYING THE PEOPLE'S MOTION** |
| | **FOR RESTITUTION TO BE ORDERED** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 10, 2022 for hearing on the People of Guam's ("the People's") Motion for Restitution to be Ordered ("Motion"). Assistant Attorney General Renaida San Nicolas represents the People, and Alternate Public Defender Brycen Breazeale represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the People's Motion.

### BACKGROUND

On December 10, 2019, Defendant was arrested and charged with *Charge One*: Theft of a Motorcycle (as a 2nd Degree Felony), and *Charge Two*: Criminal Mischief (as a 3rd Degree Felony). See Indictment (Dec. 17, 2019). Defendant allegedly stole and damaged a motorcycle belonging to Brandon Michael Taijeron ("Victim"). Id.

Following a July, 2021 jury trial, Defendant was found not guilty of *Charge One*: Theft of a Motorcycle (as a 2nd Degree Felony), and *Charge Two*: Criminal Mischief (as a 3rd Degree Felony). See Verdict Forms 1 & 2 (Jul. 16, 2021). However, Defendant was adjudicated guilty of Criminal Mischief (as a Misdemeanor), as a lesser-included offense to *Charge Two*. See Verdict Form 3.

Decision and Order Denying the People's Motion for Restitution to be Ordered
CF0675-19, *People of Guam v. Shawn Ray Lujan*
Page 1 of 3

Defendant was sentenced on October 5, 2021. See Judgment of Conviction at 1 (Dec. 29, 2021). During sentencing, the Court ordered Defendant to pay restitution, with the amount to be determined at a future hearing. Id. at 2.

The People are seeking one thousand one hundred and twenty-five dollars ($1,125.00) in restitution for damages to Victim's motorcycle. See Summary Report (Re: Restitution) (Apr. 9, 2021). The People have not suggested or proved damages exist concerning the Victim's other property. Id.

Defendant has since objected to restitution on the grounds that he was acquitted of both Theft of a Motorcycle and Criminal Mischief to the motorcycle. See Defendant's Objection to Restitution at 1 (Oct. 7, 2021). Defendant argued he cannot be ordered to pay for damages stemming from crimes he was acquitted of. Id. at 3.

On January 3, 2022, the People filed their Motion for Restitution to be Ordered. The People argued that restitution was appropriate since damaged items such as the motorcycle's "body kit" and ignition may be deemed separate property from the motorcycle itself. See Motion at 6-8 (Jan. 3, 2022).

The Court held a hearing on March 10, 2022. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

"The court shall require restitution in all cases where the offender has been convicted of a crime involving damage to property of the victim when the offender is or, given a fair opportunity to do so, will be able to pay the restitution." See 9 G.C.A. § 80.53.

Defendant was initially charged with Criminal Mischief (as a 3rd Degree Felony) pursuant to 9 G.C.A. §§ 34.50(d) and 34.60(a). See Indictment (Dec. 17, 2019). Defendant faced a 3rd Degree Felony charge because his alleged criminal mischief involved intentional damage to a motor vehicle. See 9 G.C.A. §§ 34.60(a). Criminal Mischief is punishable as a misdemeanor if it involves intentional damage to the *non*-motor vehicle property of another. See 9 G.C.A. § 34.60(c).

Defendant's Misdemeanor (but not Third Degree Felony) Criminal Mischief conviction indicates the People did not meet their burden in proving that Defendant intentionally damaged

Decision and Order Denying the People's Motion for Restitution to be Ordered
CF0675-19, *People of Guam v. Shawn Ray Lujan*
Page 2 of 3

Victim's motorcycle. Rather, the People met their burden only in proving that Defendant intentionally damaged the Victim's *non*-motor vehicle property.

The People are seeking restitution specifically for damages to Victim's motorcycle. Items claimed such as the ignition switch may be removable from the bike frame, but they all constitute part of the Victim's motorcycle. The People agree with this classification because they elected to charge Defendant with 9 G.C.A. §34.50(d) rather than §34.50(c). That is, the People chose to specifically charge Defendant with intentional damage to a motor vehicle, knowing that damage to items such as the motor vehicle's ignition constitutes damage to the motor vehicle itself.

However, Defendant was acquitted of all charges relating to the motorcycle. To repeat, Defendant was found not guilty of damaging or stealing the Victim's motorcycle. Defendant cannot be liable for restitution concerning the motorcycle since he was acquitted on all crimes involving it.

Defendant's conviction only indicates that he damaged the Victim's *non*-motor vehicle property. The People have not proven or even suggested the existence of damage to Victim's *non*-motor vehicle property. Until they do so, no restitution shall be ordered in this case.

<u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** the People's Motion. Defendant is not liable for restitution concerning the Victim's motorcycle. However, Defendant remains liable for restitution involving any *non*-motor vehicle property he intentionally damaged in this case.

**IT IS SO ORDERED** this ~~April 7, 2022~~.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying the People's Motion for Restitution to be Ordered
CF0675-19, *People of Guam v. Shawn Ray Lujan*
Page 3 of 3